## STATE *vs.* WALTER RADCLIFF.

*Criminal Law — Horse or Gelding — Misusing — Statute — What State must prove — Evidence.*

In the trial of a defendant indicted under the statute of this State for misusing a horse or gelding; it is incumbent upon the State to show, in order to convict, that the death or injury, by reason of which the owner was deprived of the use of the horse, resulted from the misuse of the horse on the part of the defend int; that within the terms of the statute he so rode, drove or negligently and carelessly used the same as to cause the death or injury or damage complained of.

(*September 27, 1904.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert H. Richards,* Deputy Attorney-General, an d *John F. Neary* for the State.

*W. W. Knowles* for the defendant.

Court of General Sessions, New Castle County, September Term, 1904.

MISUSING A HORSE OR GELDING (No. 73, September Term, 1904).

The defendant was indicted at this term for misusing a horse or gelding, the property of one Herbert White, a liveryman in the City of Wilmington, which horse the defendant hired from the prosecuting witness on the 26th of June, 1904, for the purpose of driving to the town of Newark. The evidence adduced tended to show that the horse was in good condition when the defendant left the stable with him about 12 o'clock on the day in question, but when he returned about 10 o'clock that night he was dripping with perspiration, staggering, cold at the extremities, and apparently in an exhausted condition, and died about 3 o'clock the next morning. There was further evidence to the effect that the horse was taken

sick shortly after the arrival of the defendant at Newark, showing symptoms of acute indigestion or colic; that the defendant thereupon telephoned to the prosecuting witness in Wilmington asking him what to do for the horse, and the latter told him to get a doctor for him and leave him there at the expense of the owner. The defendant testified that he could not get a doctor and so telephoned the owner and asked the latter to send him a prescription that he might get filled and give to the horse; but just at that time he was cut off and received no reply from the prosecuting witness; that thereafter the horse seemed to improve, although he would neither eat nor drink, and about seven o'clock in the evening he started from Newark and drove the horse slowly back to Wilmington arriving at the stable about half-past ten o'clock. That the wet condition of the horse was due to being caught in a shower of rain when near the city. That he drove the horse very slowly both going and coming and did not abuse him in any way. This latter testimony was corroborated by a witness who was with him on the occasion. Two veterinary physicians who prescribed and attended to the horse testified that the horse, in their opinion, from observation and the history of the case, died from exhaustion. Two expert veterinary physicians on the part of the defendant testified that the symptoms testified to in their hearing indicated to their minds that the horse died from acute indigestion followed by enderitis and peritonitis.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Walter Radcliff, the defendant, is charged in this indictment with misusing a horse which it is alleged came into his possession under a contract of hire with the owner of the horse, Herbert White, and that the misuse was of such a character, as alleged in the indictment, that the horse was greatly injured and died and that thereby the said owner lost the use of the horse.

The indictment is found under a statute passed April 27, 1891, which reads thus:

"That if any person having the care, custody, possession or use of a horse, gelding, mare, colt, ass or mule, under and by virtue of a contract with the owner or legal proprietor thereof to hire the same, shall so ride, drive or negligently and carelessly use or care for the same as to kill or cause the death or injury or damage to such horse, gelding, mare, colt, ass or mule whereby the owner or legal proprietor thereof is deprived of the use of the same," etc.

The defendant in this case does not deny that he had possession of the horse and the use of it by reason of a contract for hire with the owner, Herbert White, nor does he deny that he drove the horse or that the horse died after he had been used by him. But he does deny—and that is his defense—that the alleged death or injury to the horse whereby the owner lost the use of it, was caused by any misuse on his part. He claims that he did not misuse the horse and to that point particularly in this case your attention is directed.

In order to convict the defendant, you should be satisfied from the evidence beyond a reasonable doubt that the death or injury by reason of which the owner was deprived of the use of the horse resulted from the misuse of the horse on the part of the defendant; that within the terms of the statute he so rode, drove, or negligently and carelessly used the same as to cause the death or injury or damage complained of. If you shall be satisfied beyond a reasonable doubt, that said injury or death did result from his misuse as described in the indictment, then your verdict should be guilty. But if you are not satisfied that the death or injury resulted from such misuse as alleged in the indictment but from some other cause, as for instance from disease, for which he is not accountable, your verdict should be not guilty.

Verdict, not guilty.